IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leon Glaspy, ) | C/A No. 0:14-188-JMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Kenny Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Leon Glaspy ("Petitioner"), a self-represented prisoner confined at the Satellite Prison Camp in Edgefield, South Carolina, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

On July 1, 2009, Petitioner pled guilty to all counts of a three-count indictment—two counts of distributing cocaine base and one count of possessing cocaine base with intent to distribute—in violation of 21 U.S.C. § 841(a)(1). See United States v. Glaspy, No. 3:09-cr-00103-HLA-TEM (M.D. Fla.) (ECF No. 27). The United States District Court for the Middle District of Florida sentenced him to concurrent prison terms of 188 months. Id. (ECF No. 35.) Petitioner unsuccessfully appealed to the United States Court of Appeals for the Eleventh Circuit. See United States v. Glaspy, 401 F. App'x 430 (11th Cir. 2010), cert. denied, 131 S. Ct. 1623 (2011). In 2012, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the court denied on July 19, 2013. Glaspy v. United States, No. 3:12-cv-168-J-25TEM (M.D. Fla.).



In the case *sub judice*, Petitioner claims that federal district courts are District of Columbia courts and have no jurisdiction in the states. Thus, he claims that 21 U.S.C. § 841 is not valid in the State of Florida. Further, he argues that the relief he seeks is not available in a § 2255 motion as it does not afford him "article IIII case and contreversy." (ECF No. 1 at 10) (errors in original). Petitioner asks for release from his "unconstitutional, illegal–unlawfull [sic] imprisonment." (ECF No. 1 at 9.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing Section 2254 Cases[1]; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b), 28 U.S.C. foll. § 2254.



a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1995).

    **B.**    **Analysis**

        **1.**    **A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255**

The instant petition is subject to summary dismissal because, in spite of Petitioner's arguments, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Prior to the enactment of 28 U.S.C. § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of



conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman, 124 F.3d at 373); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (collecting cases). "[T]he remedy provided by [§] 2255 was intended to be as broad as that provided by the habeas corpus remedy," and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." Rice v. Lamanna, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (internal quotations omitted). In this case, Petitioner seeks to have conviction nullified; thus, the relief he requests is only available, if at all, under § 2255, unless that statute is shown to be inadequate and ineffective to test the legality of the Petitioner's detention. See In re Jones, 226 F.3d at 333.

    **2. Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention**

As stated above, Petitioner cannot challenge his federal convictions and sentences under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). As discussed above, Petitioner has previously filed an unsuccessful § 2255 motion; however, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable



to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In Re Vial, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the United States Court of Appeals for the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In In re Jones, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. In the present case, Petitioner argues that 21 U.S.C. § 841, the statute under which he was convicted, is not valid. However, he has not provided a citation to a case decided by either the United States Supreme Court or the Fourth Circuit supporting this assertion. Accordingly, Petitioner's action seeking a determination that his convictions are illegal fails to state a cognizable § 2241 claim.

As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence, thereby allowing him to file a § 2241 petition, this matter should be dismissed.

PJG

### III.   Conclusion

Accordingly, the court recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 21, 2014
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see also Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).