# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Leon Glaspy, ) | |
| ) | Civil Action No. 0:14-cv-00188-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kenny Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Leon Glaspy ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On March 21, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Petition. (ECF No. 8.) This review considers Petitioner's Reply to Magistrate Report and Recommendation ("Objections"), filed April 10, 2014. (ECF No. 11.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DISMISSES** the Petition for Writ of Habeas Corpus with prejudice (ECF No. 1).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts are discussed in the Report. (*See* ECF No. 8.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at the Satellite Prison Camp in Edgefield, South Carolina, serving a 188 month sentence after pleading guilty to charges of distribution of cocaine and

1

possession with intent to distribute cocaine. (ECF No. 1 at 1-2.) Petitioner filed an appeal with the United States Court of Appeals for the Eleventh Circuit, which affirmed his conviction in an order issued October 25, 2010. (*Id.* at 4.) Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which was denied on July 19, 2013. (ECF No. 8 at 1.) Petitioner then filed his Petition pursuant to 28 U.S.C. § 2241 on January 22, 2014, challenging the validity of 21 U.S.C. § 841[1], asserting that overlapping jurisdictions between state and federal laws is unconstitutional, and alleging ineffective assistance of counsel and prosecutorial misconduct. (ECF No. 1 at 7-8.) On March 21, 2013, the Magistrate Judge issued the Report recommending the court summarily dismiss the Petition. (ECF No. 8.) The Magistrate Judge found that as Petitioner seeks to have his conviction nullified, he must seek relief under § 2255 rather than under § 2241, unless he satisfies the savings clause. The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). To determine if relief under § 2255 is inadequate, a petitioner must show: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255

---

[1] Petitioner refers to 18 U.S.C. § 841, which addresses "Importation, Manufacture, Distribution and Storage of Explosive Materials," in his Petition. However, 21 U.S.C. § 841 pertains to offenses and penalties related to control and enforcement of drug related offenses, for which Petitioner was convicted. Therefore, the court takes Petitioner to have intended to challenge 21 U.S.C. § 841.

2

because the new rule is not one of constitutional law." *In re Jones,* 226 F. 3d 328, 333-34 (4th Cir. 2000). The Magistrate Judge noted that because Petitioner could not point to a case from the United States Supreme Court or the Fourth Circuit that renders 21 U.S.C. § 841 invalid, he could not show that relief under § 2255 is inadequate, and therefore is not entitled to relief under § 2241. (ECF No. 8 at 5.)

Petitioner timely filed his Objections on April 10, 2014. (ECF No. 11.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright*

3

*v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner merely states that a motion under § 2255 "does not afford him the proper relief to question the legality of and/or constitutionality of his imprisonment." (ECF No. 11 at 1.) He fails, however, to specify precisely how or why it cannot afford him the proper relief. Petitioner also cites to cases to establish his right to challenge federal authority. (*Id.*) Although Petitioner possesses this right, he fails to present facts or arguments showing how federal authority violated his constitutional rights. Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 8). It is therefore ordered that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 5, 2014
Columbia, South Carolina